THE STATE EX REL. FORD, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Ford v. Indus. Comm.* (1993), 67 Ohio St.3d 121.]

(No. 92–2259—Submitted May 18, 1993—Decided August 11, 1993.)

122

*Casper & Casper* and *Douglas W. Casper,* for appellant.

*Crew, Buchanan & Lowe, Joseph P. Buchanan* and *James G. Neary,* for appellee Harrison Radiator Division, General Motors Corporation.

*Lee I. Fisher,* Attorney General, and *Alan Eakins,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* From over fifty violations originally alleged, appellant now pursues just one—Ohio Adm.Code 4121:1–5–05(C)(2). It provides:

"All conveyors, where exposed to contact, shall be equipped with means to disengage them from their power supply at such points of contact."

The commission found no violation, having deemed Ohio Adm.Code 4121:1–5–05(C)(2) inapplicable. We agree, but for reasons distinct from those given by the appellate court.

Ohio Adm.Code 4121:1–5–05(C)(2) mandates a disengagement device at points "exposed to contact." An object is "exposed to contact" when its location, "during the course of operation, is accessible to an employee in performance of his regular or assigned duty." Ohio Adm.Code 4121:1–5–01(B)(11). 4121:1–5–05(C)(2), therefore, will not apply if the accident occurred in a spot that was not accessible during the course of operation.

Because neither "accessible" nor "course of operation" is defined in the Revised or Administrative Code, the interpretation of these terms is within the commission's final jurisdiction. *State ex rel. Berry v. Indus. Comm.* (1983), 4 Ohio St.3d

193, 4 OBR 513, 448 N.E.2d 134. In this case, decedent was killed inside an enclosed conveyor. If the conveyor and its attached drag buckets had been moving at the time, decedent could not have entered the enclosure. *Only* if the conveyor was *first* stopped could decedent have gained access to the area in which he died. Given the commission's duty to strictly construe specific safety requirements in the employer's favor (*State ex rel. Burton v. Indus. Comm.* [1989], 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219), the commission did not abuse its discretion in finding that a location which is accessible only during cessation of operation was not "accessible" in the "course of operation," and was not made so merely because the conveyor *subsequently* started running. The commission did not err in refusing to construe the disputed safety requirement in its most literal, and liberal sense—*i.e.*, the conveyor was "accessible" because decedent was there and in the "course of operation" because it was on.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.